[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 467.]

THE STATE EX REL. LTV STEEL COMPANY, APPELLEE, *v.* INDUSTRIAL

COMMISSION OF OHIO, APPELLEE; HARUBIN, APPELLANT.

[Cite as *State ex rel. LTV Steel Co. v. Indus. Comm.*, 2002-Ohio-1363.]

*Workers' compensation—Application for permanent total disability compensation*
*cannot be denied on ground that claimant rejected a bona fide job offer,*
*when—Ohio Adm.Code 4121-3-34(D)(1), construed and applied.*

(No. 00-1824—Submitted November 27, 2001—Decided March 27, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1054.

_____

PFEIFER, J.

{¶ 1} In 1984, John W. Harubin injured his back while working as a laborer for LTV Steel. His claim was allowed for "bilateral lumbar radiculopathy." Since then, he has suffered from persistent back pain and has undergone surgery.

{¶ 2} Harubin worked intermittently until 1991, when he apparently qualified for temporary total disability compensation ("TTD"). His TTD ended in August 1994 after Dr. Cynthia Taylor determined that Harubin had reached maximum medical improvement. She reported that Harubin was capable of work under the following restrictions: "He will require sedentary type work that does not involve any repetitive lifting. He is able to lift up to 20 pounds on an occasional basis. He needs freedom to sit and stand as needed for his low back pain. He is unable to perform prolonged standing activities."

{¶ 3} In July 1995, Harubin applied for permanent total disability compensation ("PTD") while under Dr. Atef A. Eltomey's care. The Industrial Commission ("commission") granted this compensation beginning on January 15, 1997, the day Dr. Sheldon Kaffen, an orthopedic surgeon, reported that Harubin was unable to engage in any sustained remunerative employment. The commission

also denied PTD for the preceding period commencing with Harubin's last TTD payment. It found that in 1995, LTV Steel had offered Harubin a light-duty job that was within Harubin's physical restrictions at the time the offer was made, and that since Harubin had rejected the offer, PTD was precluded for the interim period.

{¶ 4} LTV Steel then filed for the instant writ in the court of appeals, asserting that Ohio Adm.Code 4121-3-34(D)(1)(e) precluded Harubin's PTD award. LTV Steel also contested the commission's award for a variety of other reasons, including the commission's allegedly unjustified denial of LTV Steel's motion to depose Dr. Kaffen and its failure to find that surveillance videotapes established Harubin's continued physical capacity to work in the job LTV Steel offered him. The Court of Appeals for Franklin County granted the writ and found that the commission had abused its discretion in granting PTD after Harubin rejected a job offer within his medical restrictions. The court of appeals considered the Ohio Adm.Code 4121-3-34(D)(1)(e) issue dispositive and, thus, did not address LTV Steel's ancillary arguments. The cause is now before this court upon an appeal as of right.

{¶ 5} Ohio Adm.Code 4121-3-34(D)(1) specifies that its "guidelines shall be followed by the adjudicator in the sequential evaluation of applications for permanent total disability compensation." Division (D) lists the circumstances under which a claimant can be found to qualify as permanently and totally disabled. The enumerated circumstances (apart from those relevant to a statutory R.C. 4123.58[C] loss) state that PTD shall be denied if, after a hearing, the adjudicator finds that (1) the claimant is engaged in sustained remunerative employment, (2) the claimant is medically able to return to his or her former job, (3) the claimant voluntarily removed himself or herself from the workforce, (4) the claimant has refused a bona fide job offer of sustained remunerative employment within his or her capabilities, (5) the claimant's condition is temporary, (6) the claimant's advanced age is the sole or primary obstacle to sustained remunerative

employment, or (7) a nonallowed condition is the cause of the claimant's inability to perform sustained remunerative employment. Ohio Adm.Code 4121-3-34(D)(1)(b) through (i). If the claimant clears these hurdles, the adjudicator next determines whether nonmedical or vocational factors preclude a PTD award under division (D)(2).

{¶ 6} Ohio Adm.Code 4123-3-34(D)(1)(e), governing bona fide job offers, states:

"If, after hearing, the adjudicator finds that the claimant is offered and refuses and/or fails to accept a bona fide offer of sustained remunerative employment that is made prior to the pre-hearing conference described in paragraph (C)(9) of this rule where there is a written job offer detailing the specific physical/mental requirements and duties of the job that are within the physical/mental capabilities of the claimant, the claimant shall be found not to be permanently and totally disabled."

{¶ 7} This case is confusing because the commission reached legally conflicting conclusions. First, it awarded PTD to Harubin commencing January 15, 1997, knowing that such an award was not possible if Harubin had refused a qualifying offer of employment. Ohio Adm.Code 4121-3-34(D)(1)(e). Then, the commission denied Harubin's request for PTD from the date of the last payment of TTD through January 14, 1997, on the basis that Harubin had refused a good-faith job offer.

{¶ 8} Ohio Adm.Code 4123-3-34(D)(1)(e) does not state on whose medical opinion the employer's offer of employment is to be based. The court of appeals, in adopting the magistrate's decision, asserted that there was some evidence in the record (for example, Dr. Taylor's August 29, 1994 report) to support the commission's conclusion that when Harubin refused LTV's offer of employment, he was physically capable of performing the job. We agree. However, there is also some evidence in the record (for example, Dr. Kaufman's April 25, 1995 report) to

support the commission's implicit conclusion that Harubin did not refuse a qualified offer of employment because he was not capable of performing any sustained employment. It is not necessary for us to determine which report is more persuasive because there is dispositive factual evidence in the record.

{¶ 9} The letter in which LTV offered a job to Harubin contained the following sentence: "This job has been provided to your attending physician for review, as it pertains to your existing restrictions." After receiving notice of LTV Steel's job offer and having recently examined Harubin, Dr. Eltomey maintained that Harubin should be evaluated for PTD because of "persistent symptomatology, lack of improvement to different therapeutic modalities, persistent chronic left S1 radiculoneuritis, and a previous history of aggravation of his symptoms with any minimal activity." As the dissenting judge in the court of appeals wrote, "[i]n short, Mr. Harubin's treating neurosurgeon did not release him for the job or agree that Mr. Harubin was medically capable of performing it." Accordingly, despite LTV Steel's best efforts, it did not offer Harubin a qualifying job whose refusal by Harubin would preclude PTD pursuant to Ohio Adm.Code 4121-3-34(D)(1)(e).

{¶ 10} Based on the record before us, we conclude that Harubin did not reject a bona fide job offer and that his PTD claim cannot be rejected on that ground. We reverse the judgment of the court of appeals. We remand the cause to that court for further proceedings to determine whether the other challenges raised by LTV, which were not ruled upon by the court of appeals, have merit.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., RESNICK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents, would reverse the judgment of the court of appeals, and would reinstate the order of the Industrial Commission.

COOK, J., dissents.

4

_____

**DOUGLAS, J., dissenting.**

{¶ 11} I respectfully dissent. I find the majority opinion to be confusing and internally contradictory particularly on the issue of the job offer. I believe that the determination of the commission was exactly right. I would reverse the judgment of the court of appeals and reinstate the order of the commission.

_____

**COOK, J., dissenting.**

{¶ 12} I respectfully dissent. I would affirm the judgment of the court of appeals for the reasons stated in the court of appeals' opinion and the decision of its magistrate.

_____

*Manos, Pappas & Stefanski Co., L.P.A., Leonard J. Pappas, James A. Neff* and *Janice T. O'Halloran*, for appellee LTV Steel.

*Hahn & Pollock, Victor H. Hahn* and *Candace M. Pollock; Steward Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant.

_____